**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roger Mahuwe, | No. CV12-0263-PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| Petsmart, | |
| Defendant. | |

On February 08, 2012, Plaintiff Roger Mahuwe filed a complaint against Defendant.  Doc. 1.  In lieu of a response, Defendant filed for a more definite statement under Federal Rule of Civil Procedure 12(e).  Doc. 5.  Plaintiff responded (Doc. 9) and Defendant replied (Doc. 11).  No party has requested oral argument.  For the reasons that follow, the Court will grant the motion.

**I.     Standard.**

Under Rule 12(e), if a complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the defendant may move for an order requiring a more definite statement by pointing out the defects complained of and the details desired.  *Bautista v. County of L.A.*, 216 F.3d 837, 843 n. 1 (9th Cir. 2000).  Rule 12(e) motions are "'ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail, and if the requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim, such motion is inappropriate.'"  *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003)

1    (quoting *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414–15 (D. Or. 2002)).

2    **II.      Analysis.**

3        Defendant argues that Plaintiff's Complaint is so vague that it cannot reasonably

4 frame a responsive pleading, and that the complaint fails to adhere to the pleading

5 requirements of Rules 8 and 10.  In his opposition, Plaintiff does not address Defendant's

6 arguments relating to its motion.    He instead makes arguments about possible

7 deficiencies in Defendant's case.

8        Plaintiff's complaint is deficient in several respects.  The entirety of Plaintiff's

9 factual allegations reads:  "[t]he company Petsmarts [sic] has unjustly dismissed me from

10 work I have been racially persecuted by the management."  Doc. 1.  Plaintiff attaches a

11 written statement that more thoroughly describes the events leading to his claims, but this

12 statement should be part of the complaint to support the claims he alleges.  Plaintiff's

13 should also number the paragraphs in the amended complaint with each numbered

14 paragraph limited, as far as practicable, to a single set of circumstances. Fed. R. Civ. P.

15 10(b).  Numbering paragraphs which contain only a single set of circumstances allow the

16 Defendant to admit or deny whole paragraphs when it responds.  Although the Court can

17 infer that it may have subject matter jurisdiction over a claim for employment

18 discrimination, Plaintiff's complaint must comply with Rule 8(a)(1) which requires a

19 party to allege a basis for federal court jurisdiction.   In addition, Plaintiffs abstract

20 demand for justice is not a proper claim for relief.  Plaintiff should amend his complaint

21 to identify the specific remedy he seeks, such as money damages, etc.  The Court will

22 grant Defendant's motion.  Pursuant to Rule 12(e), Plaintiff shall have until April 30,

23 2012 to file a first amended complaint.

24    **III.     Plaintiff's Obligations.**

25        Plaintiff must become familiar with, and follow, the Federal Rules of Civil

26 Procedure and the Rules of the United States District Court for the District of Arizona

27 ("Local Rules").  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants

28 must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*,

790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates.").  The Federal Rules of Civil Procedure are available at the following Internet website:   http://www.law.cornell.edu/rules/frcp/.   A copy of the Court's Local Rules of Civil Procedure may be obtained from the Court's website or the Clerk's Office.

For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim *showing* that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P. 8(a) (emphasis added).  These pleading requirements shall be set forth in separate and discrete paragraphs.  The paragraphs must be numbered in consecutive order.  Each paragraph must be "simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

The amended complaint must give the Defendant "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based."  *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).  This includes some factual basis for the claim and the specific legal theory supporting the claim.

To survive dismissal under Rule 12(b)(6), the amended complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

Plaintiff is warned that if he fails to file an amended complaint by April 30, 2012,

- 3 -

the original complaint may be stricken and the case dismissed.  *See* Fed. R. Civ. P. 12(e). Plaintiff is further warned that if he fails to prosecute this action, or if he fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1.      Defendants' motion for a more definite statement (Doc. 5) is **granted**.

2.      Plaintiff shall file an amended complaint by **April 30, 2012**.

Dated this 9th day of April, 2012.

_____
David G. Campbell
United States District Judge

- 4 -